W. S. THACKER v. M. V. CRAWFORD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—764, 770, 775.]

**Trespass for Breaking and Entering Close.**

In an action for trespass for breaking and entering the close, where the title is brought in issue, the judgment as between the parties determined the title in the same manner as would a recovery in ejectment.

**Conflict Between Patents.**

When patents conflict as to boundary the first entry and claim in the absence of an actual occupancy and enclosure within the interference must prevail.

APPEAL FROM LEE CIRCUIT COURT.

March 4, 1884.

OPINION BY JUDGE PRYOR:

The attention of the court on the former hearing was directed to the verdict rendered by which the jury established the line or boundary between the respective claimants and then proceeded in the same verdict to assess the damages, and Justice Pryor, without reading the petition, no suggestion having been made that it was not an action in the nature of an ejectment, dismissed the case for want of jurisdiction. It has long since been settled that in an action for trespass for breaking and entering the close where the title is brought in issue the judgment as between the parties determined the title in the same manner as would a recovery in ejectment. It was agreed in the motion to dismiss the appeal that the action was brought for a double purpose—to recover the land described in the petition and damages ·for taking logs from it; and this view of the

issue is sustained by the verdict but not by the petition, so as the case involved directly the title to the land this court had the jurisdiction although the recovery was only for one cent in damages.

It is neither necessary nor proper to discuss the weight of the testimony, as it clearly appears from the proof that each party was claiming to a defined boundary.

Instruction No. 2, in this case given for the plaintiffs, was calculated to mislead the jury. The appellees claim under the Franklin patent; and the children of B. Lee Crawford, the latter holding by deed from his father, Volentine Crawford, say that Volentine Crawford purchased from one McKinley and exhibit his deed; that Volentine Crawford took the actual possession under McKinley's deed claiming to a defined boundary and held it for many years, and then transmitted the possession to his son, B. Lee Crawford. When Volentine Crawford purchased of McKinley, Cole, the vendor of the appellant or those under whom he claims, was living upon and in the actual occupancy of his tract of land claiming, as the proof conduces to show, to a defined boundary evidenced by patent calls. So if Volentine Crawford entered after Cole he obtained no possession within the lap as against Cole; but yet the court told the jury that although the Franklin patent did not cover the land, still if Volentine Crawford entered upon his tract claiming to a certain boundary, and was in the actual occupancy for fifteen years, or those under him, they must find for the plaintiffs. This was error. At the time this deed was made Cole was on his land, and it is not pretended that there was an actual occupancy of the lap by Crawford, or at least there is no such proof. There is proof that he claimed, from the time he entered, to the boundary as fixed by the jury; and at the same time there is proof that Cole was then in possession of his land claiming to a boundary that included the land in controversy. So the entry under the McKinley deed did not have the effect to oust Cole of possession if he claimed when he entered and continued to the boundary he or his vendee is now seeking to establish. The plaintiffs may show a possession of their vendors prior to Cole's entry, but the junior entry did not have the effect to deprive Cole of possession, and instruction No. 2 ought not to have been given.

The court acted properly in refusing the instruction for the defendant, viz.: "That if the land was not covered by the Hamilton

patent they must find for the defendant, because there was evidence conducing to show an agreement as to the dividing line between Crawford and Cole or their holding under him." Such an agreement is binding if made, and particularly when acquiesced in by the parties for many years. The jury had to fix the boundary in order to determine whether a trespass had been committed, and in the absence of any agreement between the respective owners the boundaries embraced in the paper titles must govern, if the parties are in possession claiming to own boundaries. When the patents conflict as to boundary the first entry and claim, in the absence of an actual occupancy and enclosure within the interference, must prevail.

The action of trespass by Cole against Volentine Crawford and others is no bar to this action, as there was in fact a judgment in favor of Crawford; nor does the action in that case show a claim to a defined boundary. For the reasons indicated the judgment is *reversed* and cause remanded with directions to award a new trial and for proceedings consistent with this opinion.

*H. C. Lilly & Son, for appellant.*

*John L. Scott, for appellees.*